IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HEATHER N. BRUNNER,           )
                              )
            Plaintiff,        )
                              )
       v.                     )
                              )  Civil Action No. 07-124J
MICHAEL J. ASTRUE,            )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
            Defendant.        )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 23rd day of September, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 17) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 15) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her application for SSI on September 20, 2005, alleging disability beginning September 1, 2003, due to post traumatic stress disorder, left ankle problems and diabetes. Plaintiff's application was denied. Thereafter, plaintiff sought review of the unfavorable initial determination on her application by completing a form entitled "Request for Hearing by Administrative Law Judge." (R. 34). On that form, plaintiff indicated that she did not wish to appear at a hearing and requested that a decision be made based on the evidence in her case. Because plaintiff checked the box indicating that she did not want to appear at a hearing, the Social Security claims representative asked her to complete a form entitled "Waiver of Your Right to Personal Appearance Before an Administrative Law Judge." (R. 36, 48). Plaintiff completed the waiver form, again affirming that she did not want to appear at a hearing before an ALJ. As a result of plaintiff's waiver, no hearing was held. On December 19, 2006, the ALJ issued a decision finding that

plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on April 6, 2007, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 26 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has a high school education, but she does not have any past relevant work experience and she has not engaged in substantial gainful activity at any time since she filed her application.

After reviewing plaintiff's medical records and considering a vocational expert's answers to written interrogatories, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of the residuals of a subtalar joint fusion and tendo-Achilles lengthening procedure of the left ankle, residuals of right knee surgery with chodromalacia of the right patella, obesity, non-insulin dependent diabetes mellitus, gastroesophageal reflux disease with ulcers, polycystic ovarian syndrome, recurrent urinary tract infections, asthma/allergies, anxiety disorder and post-traumatic stress disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with a number of other

limitations. Plaintiff is limited to occasional stooping, kneeling, crouching, crawling and climbing ramps or stairs, and she is precluded from climbing ladders, ropes or scaffolds. Plaintiff is limited to occasional pushing or pulling with the left lower extremity, including the operation of pedals. She must avoid concentrated exposure to fumes, odors, dusts, gases, pollens and environments with poor ventilation or temperature extremes, and she must also avoid exposure to dangerous machinery or unprotected heights. In addition, plaintiff is limited to simple, routine, repetitive job tasks, and she is restricted to occasional interaction with supervisors, co-workers and the general public. Further, plaintiff must avoid the stress associated with a fast-paced production environment, and she is also limited to making simple work-related decisions and relatively few work place changes. Finally, plaintiff requires work which accommodates her need for access to a restroom approximately every two hours during the workday (collectively, the "RFC Finding").

In light of the foregoing limitations, and in consideration of the vocational expert's written interrogatory responses, the ALJ concluded that plaintiff's age, educational background and residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a weigher/scales operator, a small parts assembler, or an inspector. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in

substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3,

plaintiff claims that the ALJ erred by concluding that her impairments do not meet or equal any listing in Appendix 1. Further, plaintiff asserts that the ALJ's step 5 finding that she retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. The court disagrees with plaintiff's arguments.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairments meet or equal one of the listed impairments. <u>Burnett v. Commissioner of Social Security Administration</u>, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §416.925(a); <u>Knepp v. Apfel</u>, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." <u>Burnett</u>, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. <u>Id</u>. at 120 n.2. However, it is the claimant's burden to present medical findings that show her impairment matches or is equivalent to a listed impairment. <u>Williams v. Sullivan</u>, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. <u>Burnett</u>, 220 F.2d at 119.

According to plaintiff, the ALJ erred in failing to find that

she meets or equals a listing under the following sections: 1.00 (relating to the musculoskeletal system), 3.00 (relating to the respiratory system), 4.00 (relating to the cardiovascular system), 5.00 (relating to the digestive system), 6.00 (relating to genitourinary impairments), 9.00 (relating to the endocrine system) or 12.00 (relating to mental disorders).

Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff has the residuals of a subtalar joint fusion and tendo-Achilles lengthening procedure of the left ankle, residuals of right knee surgery with chodromalacia of the right patella, obesity, non-insulin dependent diabetes mellitus, gastroesophageal reflux disease with ulcers, polycystic ovarian syndrome, recurrent urinary tract infections, asthma/allergies, anxiety disorder and post-traumatic stress disorder, all of which are severe impairments. However, the ALJ determined that plaintiff's impairments, even when considered in combination, do not meet or equal any listed impairment. The ALJ's decision indicates that he considered the listings contained in sections 1.00, 3.00, 4.00, 5.00, 6.00, 9.00 and 12.00, but he found that plaintiff's condition does not meet or equal the criteria of any of those listings. (R. 16). The ALJ then explained his reasoning as to why plaintiff's impairments do not meet or equal those listings. (R. 16).

The ALJ satisfied his burden; however, plaintiff failed to

sustain her burden of showing that her impairments meet, or are equal to, a listing. Other than broadly asserting that she meets or equals a listing, plaintiff did not explain how her medical conditions meet or equal the criteria of any particular listing, nor did she identify any medical evidence to support her argument. Furthermore, the court notes that no medical source of record found that plaintiff's impairments meet or equal a listing. For these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.[1]

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show that there are other jobs that exist in significant

---

[1] Plaintiff's step 3 argument includes a number of other alleged errors by the ALJ, all of which are unfounded. First, plaintiff's assertion that the ALJ did not state his reasons why she did not meet certain listings is incorrect. The ALJ specifically stated that the medical evidence, as thoroughly discussed in his decision, did not contain the objective signs, symptoms or findings, or indicate the degree of functional limitation, necessary to meet or equal any listing. (R. 16). Next, contrary to plaintiff's suggestion, the ALJ clearly considered all of her impairments in combination at step 3 when he determined that she does not meet or equal any listing. (R. 16). Moreover, it is clear by the ALJ's detailed explanation of the medical evidence in this case that he considered plaintiff's impairments in combination in assessing her residual functional capacity and analyzing whether she can perform work which exists in the national economy. Finally, plaintiff's contention that the ALJ failed to give appropriate weight to the reports and opinions of her treating and examining physicians lacks merit. As an initial matter, plaintiff failed to even identify which physician's opinion was not properly weighed by the ALJ. Nonetheless, the ALJ analyzed the reports and opinions of Dr. Foster and Dr. Bollinger, and explained why their opinions were not entitled to controlling weight. (R. 23-24). After reviewing the record in this case, the court finds that the ALJ properly weighed the medical opinions of record.

numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §416.945(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding by arguing that he incorrectly assessed her residual functional capacity. To the contrary, the ALJ correctly concluded that plaintiff has the residual functional capacity to perform light work with the additional limitations set forth in the RFC Finding. In making the detailed RFC Finding, the ALJ accommodated all of plaintiff's physical and mental functional limitations that were established by the evidence. From a physical standpoint, plaintiff recovered successfully from left ankle surgery, she required little or no treatment for her diabetes, her asthma and allergies were well-controlled during the relevant period and her physical examinations during that time generally were unremarkable. (R. 130-54, 164-74, 206-16). Moreover, plaintiff received little mental health treatment during the relevant period, and a consultative examiner rated her GAF score at 60, which indicates only moderate symptoms. (R. 185). In sum, the

ALJ did not err in concluding that plaintiff can perform light work with the additional restrictions set forth in the RFC Finding.

Plaintiff's final argument is that she did not knowingly and voluntarily waive her right to appear at a hearing. This argument is wholly without merit.

Both the Social Security Act and basic principles of due process "require that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits can be denied." Stoner v. Secretary of HHS, 837 F.2d 759, 760-61 (6th Cir. 1988). Similarly, the Commissioner's regulations confirm that "[a]ny party to a hearing has a right to appear before the administrative law judge ... to present evidence and to state his or her position." 20 C.F.R. §416.1450(a). This same regulation further provides, however, that a party may waive his or her right to appear by "send[ing] the administrative law judge a waiver or a written statement indicating that [he or she] do[es] not wish to appear at the hearing." 20 C.F.R. §416.1450(b).

In addition to these general provisions, the Commissioner issued Social Security Ruling ("SSR") 79-19 that sets standards for testing the validity of a waiver. According to SSR 79-19, an individual may waive the right to personal appearance at a hearing only by a writing signed by the individual which shows: that the individual has been informed of the nature of the proceedings and of the right to be represented by counsel; that the individual has a right to appear and testify at the hearing and to present

evidence; that additional evidence obtained through the individual's appearance and testimony may be of value to the ALJ in evaluating the issues; that if the individual does not appear, the matter will be decided solely on the written evidence in the file plus any additional evidence submitted by the individual or obtained by the ALJ; and that the individual may withdraw the waiver of the right to appear at the hearing at any time prior to mailing of the notice of decision.

In this case, plaintiff sought review of the unfavorable initial determination on her application by completing a form entitled "Request for Hearing by Administrative Law Judge." On that form, she checked the box indicating that she did not wish to appear at a hearing and requested that a decision be made based on the evidence in her case. (R. 34). Because plaintiff checked the box indicating that she did not want to appear at a hearing, the Social Security claims representative asked her to complete a form entitled "Waiver of Your Right to Personal Appearance Before an Administrative Law Judge." (R. 36, 48). Plaintiff completed the waiver form, again affirming that she did not want to appear at a hearing before an ALJ. By executing the waiver form, plaintiff acknowledged: (1) that she had been advised of her right to appear in person before the ALJ; (2) that a personal appearance before an ALJ would provide her the opportunity to present testimony and evidence that could be helpful to the ALJ in making his decision; (3) that although her right to appear before an ALJ had been explained to her, she did not want to appear in person, and that

she wanted her case decided based on the written evidence; (4) that even if she did not appear in person, she had a right to present a written summary of her case; (5) that she was free to change her mind and request an appearance before the ALJ at any time before he mailed his decision; and (6) that she had a right to be represented in the administrative proceedings. (R. 48). In addition to acknowledging the foregoing, plaintiff also wrote on the waiver form that she did not want to appear in person at the hearing before the ALJ because she has trouble walking long distances and because her anxiety increases when she is around a lot of people. (R. 48). She stated, "I would just prefer to not come to the hearing." (R. 48). Plaintiff did not attempt to revoke her waiver, request an opportunity to appear, or otherwise indicate that she had changed her mind at any time before the ALJ issued his decision.

Under these circumstances, the court finds no basis for questioning the validity of plaintiff's waiver. The waiver form that she signed satisfied all of the requirements for a valid waiver as established in Social Security Ruling 79-19. The form was completed on May 1, 2006, which was well before the ALJ proceeded on December 19, 2006, to decide plaintiff's claim without a hearing. Further, with respect to the knowing and voluntary nature of plaintiff's waiver, the court notes that plaintiff has a high school education, and there is no indication in the record that she suffers from any learning disability which would compromise her ability to understand the waiver form which

she executed. For all of the foregoing reasons, the court finds that plaintiff's waiver of her right to appear at a hearing before the ALJ was knowingly and voluntarily made.

After carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
630 Pleasant Valley Boulevard
Suite B
Altoona, PA 16602

John J. Valkovci, Jr.
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901

AO 72
(Rev. 8/82)